IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Subhi Mohammed Dajani,<br><br>  Petitioner,<br><br>v.<br><br>Albert Carter, et al.,<br><br>  Respondents. | No. CV-15-02578-PHX-DLR (ESW)<br><br>**REPORT AND RECOMMENDATION** |

On December 18, 2015, Subhi Mohammed Dajani ("Petitioner") filed a pro se Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (the "Petition") (Doc. 1). Petitioner states that the U.S. Immigration and Customs Enforcement ("ICE") has detained him since August 2012 pending deportation to Israel pursuant to a final removal order. (*Id.* at 4). Petitioner challenges the legality of his extended detention pending removal.

"A petitioner's release from detention under an order of supervision moot[s] his challenge to the legality of his extended detention." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) (internal quotation marks and citations omitted). On June 24, 2016, Respondents filed a "Notice to the Court and Suggestion of Mootness" (Doc. 9). The Notice indicates that on June 22, 2016, Petitioner was released from ICE custody and placed under an Order of Supervision. (Doc. 9-1 at 2). In a December 22, 2015 Order, the Court ordered Petitioner to file and serve a notice of change of address, warning

Petitioner that "[f]ailure to comply may result in dismissal of this action." (Doc. 3 at 3). Despite release from custody, Petitioner has not yet filed a notice of change of address.

In a June 28, 2016 Order (Doc. 10), the Court required Petitioner to respond to the Notice (Doc. 9) by July 12, 2016. The Order stated that the Court would deem Petitioner's failure to respond as consent to the dismissal of the Petition. The Order was mailed to Petitioner and returned to the Court as undeliverable with no forwarding information provided. (Doc. 11). Petitioner has not responded to the Notice. In light of Respondents' Notice (Doc. 9) indicating that Petitioner has been released from detention and Petitioner's failure to respond and file a notice of change of address,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be dismissed without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 4th day of August, 2016.

_____
Eileen S. Willett
United States Magistrate Judge